**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

May 9, 2016

Mr. Michael Vernon Critchfield
P.O. Box 11
Mondovi, WI 54755

    RE:   *Michael Vernon Critchfield v. Lee Engfer, et al.*
          Civil Action No. 11729-VCMR

Dear Mr. Critchfield,

Plaintiff Michael Vernon Critchfield brings this action against Defendants Lee Engfer, a Wisconsin investigator; C. Michael Chambers, a Wisconsin attorney; James Duvall, Chief Judge of the Wisconsin Circuit Court located in Buffalo/Pepin counties, Wisconsin; and Anthony W. Castillo, an agent with the Department of Homeland Security located in Chicago, Illinois (together, "Defendants").[1] Mr. Critchfield's complaint (the "Complaint") alleges that Defendants violated his First and Fourth Amendment rights by conducting or contributing to an improper search and seizure.[2] Specifically, officers of the Buffalo County Sheriff's Department and agents of the Department of Homeland Security allegedly "interrogated" Mr.

---

[1]    Compl. at 1.

[2]    *Id.* at 2, 4.

Critchfield and his family members and "confiscated" his laptop computer pursuant to an invalid search warrant.[3] This "raid" allegedly was motivated by an attempt to plant child pornography on Mr. Critchfield's computer and "quash" his and his family's rights to free speech.[4]

The burden of establishing the Court's subject matter jurisdiction lies with the plaintiff.[5] The issue of subject matter jurisdiction is "crucial," and the Court is obligated to ensure it exists, even if it must raise the issue *sua sponte*.[6] Moreover, a plaintiff's desire to litigate in a "court of exclusive equity"[7] is insufficient, without more, to confer subject matter jurisdiction over the underlying claims.[8]

The Complaint fails to state a basis upon which this Court may exercise subject matter jurisdiction over this action. In a section titled "General

---

[3]     *Id.* at 2-3.

[4]     *Id.* at 4.

[5]     *Prestancia Mgmt. Gp., Inc. v. Virginia Heritage Found., II LLC*, 2005 WL 1364616, at *3 (Del. Ch. May 27, 2005).

[6]     Ct. Ch. R. 12(h)(3); *Appoquinimink Educ. Ass'n v. Appoquinimink Sch. Dist.*, 2003 WL 1794963, at *3 (Del. Ch. Mar. 31, 2003), *corrected* (Apr. 17, 2003), *aff'd*, 844 A.2d 991 (Del. 2004).

[7]     Compl. at 5.

[8]     *See Christiana Town Ctr., LLC v. New Castle Cty.*, 2003 WL 21314499, at *3 (Del. Ch. June 6, 2003) ("Chancery jurisdiction is not conferred by the incantation of magic words."), *aff'd*, 841 A.2d 307 (Del. 2004).

Jurisdiction," Mr. Critchfield argues that this Court has jurisdiction because he was "denied justice in the at-law courts" when a court in Wisconsin dismissed his claims without prejudice.[9] Mr. Critchfield's Wisconsin complaint was dismissed, however, because he failed to serve that complaint and a summons upon the defendants within the statutorily mandated timeframe.[10] Without suggesting that Mr. Critchfield's theories have any merit, the dismissal without prejudice implies that Mr. Critchfield had an adequate legal remedy in Wisconsin before he commenced this action. Regardless, no facts alleged suffice to grant this Court jurisdiction.[11] Thus, the Complaint is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp

---

[9] Compl. at 5.

[10] *Id.*, Ex. 9.

[11] The Complaint also makes no reference to Delaware and alleges facts taking place entirely outside Delaware. For example, the allegedly illegal search occurred at Mr. Critchfield's house in Wisconsin, and Defendants are located in Wisconsin and Illinois.